**In re WEDTECH SECURITIES LITIGATION.**

**This Document Relates To**

**In re WEDTECH CORP., f/k/a Welbilt Electronics Die Corp., Debtor.**

**WEDTECH CORP., f/k/a Welbilt Electronics Die Corp., Plaintiff,**

v.

**R. Kent LONDON, M.D.; International Financial Consulting and Investment, Inc.; W. Franklyn Chinn and Financial Management International Inc., Defendants.**

No. 86 B 12366 (HCB).
M 21–46 (LBS).
MDL 735.

United States District Court, S.D. New York.

Nov. 17, 1993.

Gold & Wachtel, New York City, for plaintiff; John H. Reichman, of counsel.

Ropes & Gray, Washington, DC, for defendants Rusty Kent London, M.D. and International Financial Consulting and Investment, Inc.; Samuel J. Buffone and Thomas B. Smith, of counsel.

## OPINION

SAND, District Judge.

CEPA Consulting Ltd. ("CEPA"), Trustee of the Wedtech Liquidating Trust, Successor in Interest to the Plaintiff, Wedtech Corp. ("Wedtech"), moves for partial summary judgment on its fraudulent conveyance and unjust enrichment claims. CEPA claims that certain payments Wedtech made to defendant Rusty Kent London for "consulting services" were fraudulent. It moves to set aside the following payments:

(1) $99,999.98 received between July 1985 and January 1986;

(2) $1 million received in January 1986; and

(3) $140,000 received in July 1986.

We conclude that disputed material facts preclude the grant of such motion, except as to the $99,999.98 [1] unjust enrichment claim discussed below.

CEPA urges that it is entitled to summary judgment as to $99,999.98 as a consequence of London's plea of guilty to fraudulently obtaining that sum of money from Wedtech in violation of the National Stolen Property Act, 18 U.S.C. § 2314.

CEPA relies on the fact that London so pled and on the statements of the Court in *United States v. Wallach,* 935 F.2d 445, 466 (2d Cir.1991), that

To obtain a conviction under the National Stolen Property Act, the government must prove beyond a reasonable doubt the following elements: (1) the defendant trans-

---

1. This sum is the total of six separate checks, the proceeds of which London received.

ported property, as defined by the statute, in interstate commerce, (2) the property was worth $5,000 or more, and (3) the defendant knew the property was 'stolen, converted or taken by fraud' ... [T]o establish a violation of section 2314 the government must prove that the defendant was actually successful in defrauding his intended victim of property in excess of $5,000—actual pecuniary harm must be shown.

CEPA asserts that London's plea established all of these essential elements. CEPA claims, in addition, that London is collaterally estopped from asserting a defense to this charge.

In opposing the motion, London relies on an affidavit, which he read as part of his plea allocution, in which he stated:

In or about July 1985 I submitted an invoice to [sic] my corporation International Financial Consulting & Investments, Inc, IFCI, to Wedtech Corporation, Wedtech, for $150,000, which falsely attributed the entire $150,000 to consulting services relating to the sale of a tug barge. I submitted this invoice in that form at the request of Anthony Guariglia, then president of Wedtech.

I knew when I submitted the invoice that I had not rendered significant services relating to the sale of the tug barge and that I did not intend to perform additional services relating to the sale of the tug barge. I was paid $99,999.98 pursuant to that invoice. The $99,999.98 was received as checks written on Wedtech's bank account, located in the Southern District of New York, and I deposited them in my IFCI account in California. Over time, I performed other valuable service for Wedtech, but they were not in connection with the sale of the tug barge reflected in the invoice.

Transcript, proceedings before Honorable Richard Owen, April 24, 1992, pp. 17–18, Ex. H to Affidavit of John H. Reichman, Esq. ("Tr."). Defendants' claim is that "[w]hile London's plea effectively establishes that London falsely characterized the project for which he requested the $99,999.98 payments from Wedtech, that plea does not establish

that London was paid *twice* for doing something else, or that London was paid for work that was actually performed by *someone else*." Supplemental Memorandum in Opposition, p. 3 (emphasis in original).

■ To examine this claim properly, it is necessary to look at the circumstances of London's plea before Judge Richard Owen of this Court on April 24, 1992. That plea was made pursuant to an agreement between London and the United States Attorney's Office, which recited the power of the Court, in its discretion to "impose an order of restitution to the Wedtech Corporation in the amount of $99,999.98." The plea agreement did not, however, provide for an order of restitution and went on to state that if the Court departed from the agreement and ordered restitution, London had the right "to withdraw from the entire agreement process." Tr. 5. As Judge Owen pithily advised counsel for CEPA, who appeared at the plea proceeding:

The Court: So that I do have a choice to say I think there should be restitution, but if I do that, he has a right then to say I am no longer bound by the agreement and put me on trial. So that I can't monkey around with it.

*Id.*

Judge Owen, after hearing from counsel for the parties and noting that CEPA had obtained a restraining order in this civil litigation, ruled as follows:

The Court: It seems to me perfectly clear that Judge Sand has a lot of property under order, under a seizure order. You probably are going to be entitled to summary judgment on the $99,000 that is the subject of this particular count to which there is a plea, and that to do anything other at this point than to accept that plea would jeopardize a resolution of this case that in all other respects is appropriate and should be entertained, and I am looking at the government having called to my attention Title 18, Section 3663(d), which says that the complex and prolongation [sic] of a sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to

provide restitution to any victims; and, accordingly, I am going to decline to issue any order in that regard because that would blow the rest of it out of the water.

As I see it, you have a substantial leg up in another proceeding in this courthouse flowing both from the plea and from the fact that there is a seizure order in place that preserves the assets for any application you want to make as to them.

So I am sympathetic to you [counsel for CEPA], I understand where you're coming from, but the application you've made to me for restitution and addition of restitution to any sentence in this case is denied.

*Id.* at 11.

Thus it is quite clear that the plea proceedings before Judge Owen and the affidavit which London read as part of his allocution were all carefully crafted to preserve London's ability to resist this entirely anticipated motion.

We conclude, however, that London's efforts to dispose of the criminal proceeding, while at the same time avoiding summary judgment as to the $99,999.98, are to no avail and that CEPA is entitled to that relief. Our conclusion is based on the essential elements of the crime which London has admitted he committed.[2] London cannot in the criminal proceedings admit to receiving the funds in question and inflicting "actual pecuniary harm" by such receipt, and assert at the same time in the civil suit that because of certain offsets, other dealings or participation by others at Wedtech, he is not civilly liable to return the money in question. If there is any merit in these civil defenses, London was not truthful with the Court when he admitted guilt of a violation of the National Stolen Property Act (18 U.S.C. § 2314).

London's claim that this plea does not establish that he was the *ultimate* beneficiary of this fraud is unavailing. The plea establishes that he was a participant in a scheme which inflicted actual pecuniary harm to Wedtech and that he was a recipient of the funds in question. What subsequent use or disposition London made of these funds with other participants in the scheme does not alter this circumstance.

As the Second Circuit has written:

> To recover on a theory of unjust enrichment under New York law, a party must establish not only that there was enrichment, but that the enrichment was at the plaintiff's expense, and that the circumstances dictate that, in equity and good conscience, the defendant should be required to turn over its money to the plaintiff.

*Universal City Studios v. Nintendo Co., Ltd.,* 797 F.2d 70, 79, *cert. denied,* 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986).

We believe London's plea of guilty to receipt of stolen property satisfies all the prerequisites for the grant of such relief.

■ London further argues that equitable relief is unavailable where there was an express agreement between the parties, and that London acted pursuant to an express agreement with Wedtech's representative, Anthony Guariglia. For this proposition, London relies on *Chrysler Capital Corp. v. Century Power Corp.,* 778 F.Supp. 1260 (S.D.N.Y.1991). There, the Court denied summary judgment because the issue whether there was fraud in the inducement to enter into a contract was disputed. The Court noted that "when there is a valid contract governing a transaction, a party may not sue for unjust enrichment." *Id.* at 1272. That, however, is far from the case here. Having pled guilty to defrauding Wedtech, London is in no position to argue that any underlying agreement he may have had with Guariglia was a valid agreement with Wedtech or its trustee in bankruptcy. Had there been a valid agreement, London would not have been guilty of inflicting pecuniary harm on Wedtech and of doing so with scienter, both of which his plea established.

CEPA's entitlement to recovery is well founded on its unjust enrichment claim, and its motion for partial summary judgment is granted as to the $99,999.98. With respect

---

**2.** A plea to a violation of the National Stolen Property Act is critically different than a plea to mail fraud or any other crime in which intent to defraud, without actual infliction of pecuniary injury, is all that need be proved. *United States v. Wallach,* 935 F.2d at 466.

to CEPA's fraudulent conveyance claims, we find that disputed issues of material fact preclude the grant of partial summary judgment as to the two other transfers of $140,000 and $1,000,000.

■ Pursuant to F.R.Civ.P. 54(b), the Court has determined that it is appropriate that final judgment be entered. There is no just reason for delay. The issues raised by CEPA's claim to the $99,999.98, based on the collateral estoppel effect of London's guilty plea, are sufficiently discrete from the other issues, as to which summary judgment has been denied, to warrant entry of such an order. Given the length of time this action, commenced in 1987, has been pending, the time which will necessarily elapse before the remaining issues may be tried on the merits, and all of the circumstances and equities of this case, such order is appropriate.

CEPA seeks prejudgment interest from the date of London's receipt of the $99,999.98. Wedtech creditors have too long been deprived of the use of the monies in question and we grant the application for prejudgment interest.

The parties are to advise the Court in writing within twenty (20) days of this Opinion of their readiness for trial on the remaining issues in this litigation.

Settle Order.